## LAMBERT et al. v. HOFFMAN.

(Supreme Court, Appellate Term.     October 5, 1898.)

COURTS—JURISDICTION—JUDGMENTS—JUSTICES OF THE PEACE.

Under Code Civ. Proc. § 2862, subd. 1, providing that a justice of the peace has jurisdiction in an action for the breach of a contract, express or implied, where the sum claimed does not exceed $200, a district court of New York City, having the same jurisdiction as a justice of the peace, has no jurisdiction of an action on a judgment of a court of record in another state, since by section 2862, subd. 6, the jurisdiction of a justice of the peace in actions on judgments is limited to such as are recovered in courts not of record.

Appeal from First district court.

Action by Clement Lambert and others against William Hoffman on a judgment. From a judgment of dismissal plaintiffs appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

H. B. Wesselman, for plaintiffs.

G. F. Swart, for defendant.

PER CURIAM. We think the judgment in this case should be affirmed. It is true that under section 2862, subd. 1, a district court has jurisdiction in an action to recover damages for the breach of a contract, express or implied, other than a promise to marry, where the sum claimed does not exceed $200; and that, if there were no other modifying provision, this subdivision would cover the case of a judgment. Indeed, it was expressly so held in the case of McGuire v. Gallagher, 2 Sandf. 402. Under the Code of Procedure as it then stood (chapter 379, Laws 1848) the enumeration of the cases in which justices of the peace should have civil jurisdiction (section 46) did not mention actions upon judgments. In the case above cited the court was called upon to construe this section, and held that, judgments being contracts of the highest character, justices of the peace were entitled to take cognizance of actions brought upon them under the subdivision of section 46, above referred to, which gave them jurisdiction of actions "arising on contract for the recovery of money only if the sum claimed do not exceed $100." The action in that case was brought, and the judgment recovered thereon, before the amendment about to be referred to. In 1848 the Code of Civil Procedure was extensively amended. Chapter 438, Laws 1849. Section 53 of that act took the place of section 46 of the act of 1848, and then for the first time in the enumeration of the specific cases in which jurisdiction might be exercised was specified the case of "an action on a judgment rendered in the court of a justice of the peace, or of a justice's or other inferior court in a city, where such action is not prohibited by section 71." When the Code of Civil Procedure was adopted, this provision was retained and continued as expressed in subdivision 6 of section 2862, above quoted. We cannot but regard this express provision as importing a limitation upon the meaning of subdivision

1 of section 2862 of the Code of Civil Procedure, conferring upon justices of the peace jurisdiction in actions to recover damages for the breach of contracts, express or implied; and, considering the history which has been given of the statute law upon the subject, we think that subdivision 6 of section 2862 of the present Code was really intended as a limitation upon the power of justices of the peace to entertain suits upon judgments of other courts, confining it solely to the class of judgments mentioned therein. In view of the fact that subdivision 1 was broad enough to cover the case of any judgment within the money limit, the addition of the sixth subdivision would be perfectly meaningless unless it was the intention to make a separate and distinct provision for the case of actions upon judgments. Each provision of the section in question must be construed with respect to all that the section contains, for the purpose of ascertaining its meaning. The application of this rule seems to call for a construction of subdivision 1, which limits the meaning of the words, "a contract express or implied," to contracts other than judgments. It is claimed by the counsel for the appellants that subdivision 6 was intended to apply only to domestic judgments, and that its sole object was to forbid jurisdiction in actions upon judgments of courts of record in this state. We are unable, however, to agree with this construction. Apart from any other consideration, if that had been the intention of the legislature, we would naturally have found such a prohibition in section 2863 of the Code of Civil Procedure, which defines certain cases in which a justice of the peace cannot take cognizance of a civil action. It is hardly necessary to say that that section does not contain any such provision. In enacting section 2862 of the Code of Civil Procedure, the legislature has specifically enumerated the various actions which may be brought in such courts. In this enumeration an action upon a judgment is specifically referred to, with the limitation, however, that it must be one rendered in a court of a justice of the peace, or in a district court of the city of New York, or in a justice's court of a city being a court not of record. This necessarily excludes every other kind of judgment, and, as the jurisdiction of these courts is purely statutory, they can act only in cases which come strictly within the legislative definition of their power and authority. The judgment sued on was recovered in a court of record in the state of New Jersey, and under the construction which we have given to the statute the court below had no jurisdiction to entertain the action, and the judgment appealed from must, therefore, be affirmed.

Judgment affirmed, with costs.